UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| CARLOS ROMERO HERNANDEZ<br>196 Old Tusculum Road, Apt. A<br>Antioch, Tennessee 37013 | Case No.<br><br>Judge |
| Plaintiff | **COMPLAINT; JURY DEMAND** |
| vs. | |
| MOBLEYSAFWAY SOLUTIONS, LLC,<br>f/k/a MOBLEY INDUSTRIAL<br>SERVICES, LLC<br>c/o CT Corporation System<br>306 West Main Street, Suite 512<br>Frankfort, Kentucky 40601 | |
| Also Serve: | |
| MOBLEYSAFWAY SOLUTIONS, LLC<br>763 Newtown Pike, Suite 110<br>Lexington, Kentucky 40511 | |
| Also Serve: | |
| MOBLEYSAFWAY SOLUTIONS, LLC<br>1220 Miller Cut-off Road<br>La Porte, Texas 77571 | |
| and | |
| BRANDSAFWAY SOLUTIONS, LLC<br>c/o CT Corporation System<br>306 West Main Street, Suite 512<br>Frankfort, Kentucky 40601 | |
| Also Serve: | |
| BRANDSAFWAY SOLUTIONS, LLC<br>1220 Miller Cut-off Road<br>La Porte, Texas 77571 | |

|  | : |
|---|---|
|  | : |
| Also Serve: | : |
|  | : |
| BRANDSAFWAY SOLUTIONS, LLC | : |
| 763 Newtown Pike, Suite 110 | : |
| Lexington, Kentucky 40511 | : |
|  | : |

and

JOHN/JANE DOE #1-6

      Defendants

    Come now Plaintiff Carlos Romero Hernandez and, for his Complaint against Defendants MobleySafway Solutions, LLC, BrandSafway Solutions, LLC, and John/Jane Doe #1-6, states as follows:

## JURISDICTION AND VENUE

    1.    Pursuant to 28 U.S.C. § 1332(a), this Court has original subject matter jurisdiction over this action because it is a civil action between citizens of separate states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

    2.    Venue is proper in this District Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Court's judicial district.

## PARTIES

    3.    Plaintiff is and was, at all times pertinent hereto, a resident of the State of Tennessee, residing in Antioch, Tennessee.

    4.    Defendant MobleySafway Solutions, LLC, f/k/a Mobley Industrial Services, LLC ("MobleySafway") was a limited liability company at the time of the

accident and thereafter, organized and existing under the laws of the State of Texas, with its principal place of business located in La Porte, Texas.

5. Defendant BrandSafway Solutions, LLC ("BrandSafway") is a Texas limited liability company, with its principal place of business located in La Porte, Texas.

6. At all times pertinent hereto, MobleySafway and/or BrandSafway maintained a branch office in Lexington, Kentucky, which branch office committed acts and omissions in this Court's judicial district giving rise to Plaintiff's claims in this matter.

7. Defendants John/Jane Doe #1, 2 and 3, names and addresses unknown, are persons and entities related to MobleySafway and/or BrandSafway that erected, inspected and/or dismantled scaffolding and/or were responsible for ensuring the scaffolding was safe to use at the Capitol Project. Plaintiff has been unable to discover the names and/or identities of John/Jane Doe #1-3 through the exercise of reasonable diligence, and Plaintiff reserves the right to substitute one or more named defendants for such parties upon discovery of the name and/or identity of such persons or entities.

8. Defendants John/Jane Doe #4, 5 & 6, names and addresses unknown, are persons and entities hired by MobleySafway and/or BrandSafway to erect, inspect and/or dismantle scaffolding and/or who were responsible for ensuring the scaffolding was safe to use at the Capitol Project. Plaintiff has been unable to discover the names and/or identities of John/Jane Doe #4-6 through the exercise of reasonable diligence, and Plaintiff reserves the right to substitute one or more named defendants for such parties upon discovery of the name and/or identity of such persons or entities.

## **FACTS**

9. Plaintiff incorporates herein, as if fully reproduced, all the allegations contained in paragraphs 1 through 8, above.

10. At all times relevant hereto, Plaintiff Carlos Romero Hernandez was employed by Williams Restoration & Waterproofing, Inc. ("Williams Restoration"), located at 141 Jones Boulevard, La Vergne, Tennessee 37086.

11. In or about September 2016, the Commonwealth of Kentucky's Finance and Administration Cabinet contracted with Williams Restoration to clean and repair stone and mortar at the Kentucky State Capitol Building, located at 700 Capitol Avenue, Frankfort, Kentucky 40601 (the "Capitol Project").

12. Williams Restoration contracted with Defendants MobleySafway and/or BrandSafway to erect, maintain and remove scaffolding for the Capitol Project.

13. MobleySafway and/or BrandSafway erected a multi-level scaffolding system for the Capitol Project.

14. On February 15, 2017, Plaintiff climbed to the sixth level of the scaffolding erected by MobleySafway and/or BrandSafway, wearing a lanyard, and as he attempted to cross the scaffold to tie-off, a scaffolding board gave way, causing Plaintiff to fall more than 30 feet to a lower level (the "Accident").

15. Plaintiff was initially taken by EMS to a local hospital, but the severity of his injuries caused him to be air-flighted to the University of Kentucky Hospital for treatment.

## **COUNT ONE—NEGLIGENCE**

16. Plaintiff incorporates herein, as if fully reproduced, all the allegations contained in paragraphs 1 through 15, above.

17. Defendants were negligent in one or more of the following respects, which directly and proximately caused injury to Plaintiff:

    a. Failed to safely erect the scaffolding;

    b. Failed to properly inspect the scaffolding;

    c. Failed to maintain and make timely repairs to the scaffolding;

    d. Failed to properly warn about defects in the scaffolding;

    e. Failed to follow required OSHA and other statutory or contractual safety regulations; and/or

    f. Failed to properly warn about the dismantling of the scaffolding.

18. Defendants owed a non-delegable duty to ensure that the scaffolding was safe for use by Plaintiff, and they violated that duty.

19. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe injuries to his head, back, upper extremities, and other parts of his body.

20. As a direct and proximate result of Defendants' negligence, Plaintiff endured severe pain and suffering, and he will continue to endure pain and suffering into the future.

21. As a direct and proximate result of Defendants' negligence, Plaintiff suffered permanent injuries from the Accident.

22. As a direct and proximate result of Defendants' negligence, Plaintiff suffered past lost wages and past and future medical expenses.

23. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered permanent impairment.

24. As a direct and proximate result of Defendants' negligence, Plaintiff suffered de-gloving injuries to his head and scalp which resulted in permanent and embarrassing scarring.

25. As a direct and proximate result of the negligence of Defendants, as set forth above, Plaintiff suffered severe and permanent injuries and mental anguish, and he will continue to suffer into the future.

WHEREFORE, Plaintiff Carlos Romero Hernandez prays for judgment against Defendants MobleySafway Solutions, LLC, BrandSafway Solutions, LLC, and John/Jane Doe #1-6, and for all such other and further relief to which he may be entitled.

Respectfully submitted,

*/s/ G. Todd Hoffpauir*
GEORGE D. JONSON
G. TODD HOFFPAUIR
MONTGOMERY, RENNIE & JONSON
*Counsel for Plaintiff*
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Tel:   (513) 241-4722
Fax:   (513) 241-8775
gjonson@mrjlaw.com
thoffpauir@mrjlaw.com

## JURY DEMAND

Plaintiff requests a trial by jury over all issues so triable.

*/s/ G. Todd Hoffpauir*
G. TODD HOFFPAUIR